Jane Dehart v. John Dehart, Surviving Executor of John Dehart, deceased, and others.

Where a suit is brought by a residuary legatee, for a settlement and distribution, all the residuary legatees, or their representatives, must be made parties.

And the rule will not be dispensed with, though one of the residuary legatees has died, leaving his estate insolvent, and no administrator has been appointed.

Where one of two co-executors has died, his representatives are not necessary parties to a bill against the surviving executor for settlement and distribution.

Hearing on demurrer for want of proper parties.

E. Vanarsdale, for defendants, in support of the demurrer.

I. H. Williamson, contra.

The Chancellor.  Jane Dehart, the complainant, is a residuary legatee under the will of John Dehart, deceased; and has filed her bill against the surviving executor, among other things, for a settlement of the estate, and for satisfaction of her share of it as a residuary legatee.

John Dehart, the surviving executor, and James B. Clark, have demurred to the bill for want of parties.

It appears by the bill that John and Jacob Dehart, two of the sons of the testator, were appointed executors in the will, and that both proved the will; and also, that Jacob was the acting executor, and had the principal management of the estate.  He died without leaving a will, and insolvent, and no administration has been taken out upon his estate.

It appears, also, that Stephen, another of the children, is dead, and that his widow and Jacob Dehart administered upon his estate.  Jacob is dead, and it is charged that the widow afterwards married again, and left the state of New-Jersey, and has not been heard of for many years, and is now believed to

[Dehart v. Surviving Ex'r of Dehart.]

be dead; and there is no person to represent the estate as the personal representative of the said Stephen.

The demurrer is sought to be sustained on two grounds:—

1. That there is no personal representative of Jacob before the court, he being a co-executor, and also a residuary legatee; and,

2. That there is no personal representative of Stephen before the court, he being a residuary legatee also.

It is not necessary for the complainant to bring a representative of Jacob before the court, on the ground of his having been a co-executor. On his death, the duty of settling the estate devolved upon John, the surviving executor; and it is charged in the bill, that John thereupon took possession of the books and papers of the said Jacob relating to the estate of John Dehart, deceased, so that he was fully able to make the settlement. The personal representatives of Jacob Dehart, he dying without a will, are not representatives of the estate of John Dehart. They have no concern with it, other than to surrender the assets into the hands of the surviving executor; and under this bill the legatees have no concern with them. If it should appear that Jacob and John, the two executors, were not jointly liable, but had so conducted the business of the administration as to be severally accountable for distinct portions of the estate, and that the estate of Jacob was indebted to that of the testator, it might be important, if a proper case were made, to bring in the representative of the estate of Jacob, to charge him with the amount due from his intestate. But there is no such case presented; and the complainant, in proceeding in the ordinary way against the surviving executor, has done all that was necessary for her to do.

2. Upon the other ground, I think the demurrer is well taken. It is a familiar rule, that where a suit is brought by a residuary legatee, for a settlement and distribution, all the residuary legatees must be made parties, and especially where an interest is claimed out of real estate, which is the case now before the court: *Parsons* v. *Neville*, 3 *Bro. C. C.* 365; *Cockburn* v. *Thompson*, 16 *Vesey*, 329; *Morse* v. *Sadler*, 1 *Cox's*

[Dehart v. Surviving Ex'r of Dehart.]

*C. R.* 352; *Brown* v. *Rickets*, 3 *John. Chan. R.* 553; *Davoue* v. *Fanning*, 4 *John. Chan. R.* 199; *West* v. *Randall*, 2 *Mason*, 197. This grows out of the great principle, that in equity, all parties in interest, upon whom a decree may or ought to operate, should be before the court, that their rights may be settled, and an end be made to litigation. This principle is one of great convenience in the administration of justice. It is peculiar to the chancery jurisdiction, and forms one of its distinctive and most valuable features: 1 *Story's Eq.* 28. Still the principle, as applicable to general cases, is not inflexible. It may be dispensed with, when it is impracticable or very inconvenient to enforce it: *Wiser* v. *Blachly*, 1 *John. Chan. R.* 437; 2 *Mason*, 197.

In a case like the present, where the complainant seeks a final settlement and distribution of the estate, it is important that one investigation should conclude all who have an interest; and as those who are not parties cannot be bound by the decree, (*Giffard* v. *Hort*, 1 *Sch. and Lef.* 386,) there should be no dispensation of the rule except for necessary cause. In the case of Jacob, it is alleged that his estate is insolvent and that no administrator has been appointed. This is not a sufficient excuse. The estate, though insolvent, has a distinct interest. If the complainant is entitled to a residuary share, the estate of Jacob is, for aught that appears, entitled to an equal share; and the decree, to be effectual, should bind that estate. The residuum is to be divided into equal shares; and in making the division, the estate of Jacob cannot be overlooked. The fact of its insolvency will not authorize the court to pass over it in the distribution; and if it is to be benefitted or affected by the decree, so materially, it should be represented before the court.

There is no necessity for dispensing with the rule in a case like this. There is no great inconvenience in taking out letters of administration on the estate of Jacob, nor in bringing the personal representatives of Stephen before the court. I am of opinion that this should be done, and shall accordingly allow the demurrer.